UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLIE R. LARA, | No. C 06-7149 MHP (pr) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| BEN CURRY, warden, | |
| Respondent. | |

A. <u>The Habeas Petition And Dismissal Of The Unexhausted Claim</u>

Petitioner filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Upon initial review of the petition, the court found that one of the was cognizable and that the other claim had several problems, including that it was unexhausted. The court required Lara to choose what to do about the unexhausted claim. Lara then chose to dismiss the unexhausted claim and go forward with only the exhausted claim. Lara's claim that the Governor's decision was not based on any factor specified by statute or regulation is dismissed without leave to amend. With the dismissal of that claim, there remains for consideration only the claim that Lara's right to due process was violated when the Governor's decision violated the plea agreement in that his offense is being treated as a "higher degree" offense than that agreed to by the parties at the time Lara agreed to plead no contest to second degree murder. The court will set a briefing schedule for that claim.

Unlike many parole denial cases, the petition in this case does not challenge the sufficiency of the evidence to support the denial of parole. In light of the particular claim asserted in this action, there does not appear to be any reason to stay or delay this case

pending an en banc decision from the Ninth Circuit in Hayward v Marshall, 512 F3d 536 (9th Cir), reh'g en banc granted, 527 F3d 797 (9th Cir 2008).

B. Requests For Judicial Notice

Lara filed three requests for judicial notice. In his first request (docket # 7), Lara requested that this court take judicial notice of three documents: a state court order in a habeas action, a published Ninth Circuit decision, and a published state court decision. In his second request (docket # 8), he requested that this court judicially notice a letter from his attorney. In his third request (docket # 9), Lara requested that this court take judicial notice of two additional published state court decisions.

Under Federal Rule of Evidence 201, a "judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). To use the judicial notice process to have the court consider other cases as legal authority is misguided, as Rule 201 applies to adjudicative facts and not legislative facts. The difference was explained in the comment to the rule: adjudicative facts "are simply the facts of the particular case" whereas legislative facts "are those which have relevance to legal reasoning and the lawmaking process, whether in the formulation of a legal principle or ruling by a judge or court or in the enactment of a legislative body." See Fed. R. Evid. 201 (note to subdivision (a) for 1972 proposed rules). It is unnecessary to request that the court judicially notice published cases from California and federal courts as legal precedent; the court routinely considers such legal authorities in doing its legal analysis without a party requesting that they be judicially noticed. To the extent petitioner wants published or unpublished cases judicially noticed as adjudicative facts, doing so is of very limited value because the court can take notice that such decisions exist, but the court does not take judicial notice that those decisions are correct. Lastly, the facts of other parole applicants' cases have no relevance to petitioner's claim of an alleged breach of his plea agreement.

1 The request for judicial notice of a letter from petitioner's lawyer is denied because
2 neither the existence of the letter nor its contents are facts not subject to reasonable dispute.
3 Petitioner may attach a copy of the letter to his traverse to have it considered as evidence if
4 he wishes.

C. Scheduling

For the foregoing reasons,

1. The petition's due process claim warrants a response.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **June 26, 2009**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the parole hearing record that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **July 31, 2009**. Petitioner's traverse may not exceed 25 pages in length.

5. Petitioner is responsible for prosecuting this case. He must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6. Petitioner's requests for judicial notice are DENIED. (Docket # 7, 8, and 9.)

IT IS SO ORDERED.

DATED: May 27, 2009

_____
Marilyn Hall Patel
United States District Judge