UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLIE R. LARA, | No. C 06-7149 MHP (pr) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| BEN CURRY, warden, | |
| Respondent. | |

## INTRODUCTION

Charlie R. Lara, a pro se prisoner, has filed a petition for writ of habeas corpus challenging a 2005 parole denial. Now before the court for consideration is respondent's motion to dismiss the petition as untimely. For the reasons discussed below, the court finds the petition to be barred by the statute of limitations and dismisses it.

## BACKGROUND

Lara was convicted in Los Angeles County Superior Court of second degree murder and was sentenced in 1980 to 15 years to life in prison. His habeas petition does not challenge his conviction but instead challenges a June 27, 2005 decision by Governor Schwarzenegger that reversed the parole board's decision and found him not suitable for parole.

The lone claim in the petition remaining for adjudication is a claim that the Governor's decision violated the plea agreement in that Lara's offense is being treated as a higher degree offense than that agreed to by the parties at the time he agreed to plead no contest to second

degree murder. In his opposition to the motion to dismiss, Lara asserts that the maximum term was set at 15 years and that not releasing him after 15 years breached the plea agreement. Opposition, pp. 3, 5.

The parties agree that Lara filed his federal petition within a year after the Governor's decision, minus the time during which his state habeas petitions were pending in state court. His federal petition was filed about 16 months after the Governor's decision, and he had state court habeas petitions pending during about 10 months of that intervening period. However, respondent contends that the one-year period for purposes of the statute of limitations did not start when the Governor issued his decision but instead started much earlier, when the alleged breach of the plea agreement occurred.

**DISCUSSION**

"A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period applies to Lara's petition because he is in custody pursuant to a state court judgment, even though he challenges an administrative decision rather than his conviction. See Shelby v. Bartlett, 391 F.3d 1061, 1063-64 (9th Cir. 2004); White v. Lambert, 370 F.3d 1002, 1009-10 (9th Cir. 2004). There are four alternative starting dates under section 2244(d)(1), and the one that is applicable here is the "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). See Shelby, 391 F.3d at 1066; Redd v. McGrath, 343 F.3d 1077 (9th Cir. 2003).

The factual predicate for Lara's breach of plea agreement claim was the state's failure to release him on parole upon the completion of 15 years in custody as allegedly required by the plea agreement. He was sentenced in 1980, and completed 15 years in prison in 1995. The factual predicate of the claim that he was not released after fifteen years was or could have been discovered through the exercise of due diligence in 1995. The breach of plea agreement claim is untimely under the statute of limitations because it was not filed until

2006, about eleven years after the factual predicate of the claim did or should have become known to Lara. See Redd, 343 F.3d at 1083 (date of the factual predicate is determined "by inquiring when [the petitioner] could have learned of the factual basis for his claim through the exercise of due diligence."

Lara's assumption that the one-year limitations period did not start until the Governor issued his adverse decision in June 2005 is incorrect. That would be the starting date for an insufficient evidence claim but not for the breach of plea agreement claim. Under his reasoning, a statute of limitations would never bar a breach of contract kind of claim because one could simply demand further performance on a long-breached contract that the other party had clearly shown he was not going to perform and then file suit on it. But that is not the law. The limitations period clock started ticking when the breach first occurred, and here that was when the allegedly agreed-upon date for release arrived in 1995 and Lara remained in prison.

Finally, Lara argues that the state has suffered no prejudice as a result of any delay in the filing of the federal petition. This argument does not help him because a party need not show prejudice to assert a statute of limitations defense.

The breach of the plea agreement claim is barred by the AEDPA statute of limitations because the federal petition was not filed until more than ten years after the statute of limitations deadline had passed.

## CONCLUSION

Respondent's motion to dismiss is GRANTED. (Docket # 11.) The petition for writ of habeas corpus is dismissed because it was not filed before the expiration of the limitations period in 28 U.S.C. § 2244(d)(1). The clerk will close the file.

IT IS SO ORDERED.

DATED: March 16, 2010

Marilyn Hall Patel
United States District Judge

3